CHARLES C. MUMFORD vs. CHARLES B. WEAVER et ux.

Possession of a promissory note indorsed in blank is *prima facie* evidence of ownership and entitles the holder to sue thereon without further proof of title until the defendant has adduced evidence that the plaintiff obtained the note by undue means, such as fraud, duress, theft or the like.

ASSUMPSIT on a promissory note. Certified from the Common Pleas Division on demurrer to plea.

*February* 8, 1895. PER CURIAM. The defendants plead that the note in suit is the property of one Maria S. Sanders, a resident of Massachusetts, and that the plaintiff has no interest in the note, having received it after maturity and without consideration, and that he holds it as custodian merely for the purpose of collecting it, and paying the proceeds to the said Maria S. Sanders. The plaintiff demurs to the plea. The question thus presented for decision is whether the plaintiff is entitled in the circumstances stated in the plea to sue upon the note. We think he is. The plea does not aver that the plaintiff's possession of the note is *mala fide*. Any one in possession of a note indorsed in blank is *prima facie* the holder and may sue upon it until his right is disproved. It is no defence to an action on such paper that the property in it is in another and not in the plaintiff. All that is required of the plaintiff in the first instance is to present the note, its possession being *prima facie* evidence of his ownership of the note and his right to sue. It is only after the defendant has adduced evidence that the note was obtained by undue means, such as fraud, duress, theft or the like, that the plaintiff is called upon to offer proof of other facts in support of his title. 2 Parson on Notes and Bills, 436. *Bank of America* v. *Senior*, 11 R. I. 376 ; *Third National Bank* v. *Angell*, *ante*, p. 1.

The plaintiff being a resident of Providence, the suit was properly brought in Providence county. Judiciary Act, cap. 13, § 2. The cases from the reports of the United States Supreme Court cited by the defendants in support of the plea hold merely that in determining the question of jurisdiction

the citizenship of parties substantially interested in the suit rather than that of nominal parties is to be regarded. We do not see that they have any application to the question before us.

*Cyrus M. Van Slyck & Charles C. Mumford*, for plaintiff.

*Charles Acton Ives*, for defendants.